

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 8, 2025

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re:  *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

Dear Judge Abrams:

  The Government respectfully submits this letter in response to defendant Anthony Curcio's letter-request to file portions of his forthcoming motions *in limine* on an *ex parte*[1] basis to the extent "making evidentiary arguments would tend to reveal defense strategy to the Government." (*See* Dkt. 52 at 1).[2] The Court should deny Curcio's extraordinary request.

  There is a presumption of public access to "judicial documents." *See United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995) ("[T]he weight to be accorded to the presumption of access must be determined by the exercise of judgment. That judgment can be informed in part by tradition. . . . In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public."). As is customary in this District, when moving *in limine* to admit or preclude trial evidence, defendants are obliged to explain to the Government and the public their justification for the admission or preclusion of trial evidence. This is not only because the public has a right to access documents that bear upon the issues before the Court, *cf. Lohnn v. Int'l Bus. Machines Corp.*, No. 21 Civ. 6379 (LJL), 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022), but because a motion *in limine* requires a fact-intensive analysis for which an adversarial proceeding and testing of a defendant's claims and assertions are not just appropriate, but necessary. As Curcio himself explains, the motions *in limine* at issue will involve "evidentiary issues" and such disputes "should rightly be resolved to the extent possible ahead of trial." (Dkt. 52 at 1). Plainly,

---

[1] As a matter of terminology, while Curcio's letter refers to filing submissions partially "under seal" and does not formally style the letter as a request to file information on an "*ex parte*" basis, the Government understands Curcio to be seeking the latter since, for sealed but not *ex parte* filings, the Government does in fact receive the full, unsealed submissions.

[2] Notably, Curcio does not claim that these materials or arguments are subject to any privilege, only that revealing them would give insight into his defense. As discussed herein, that justification is hardly unique and wholly inadequate to justify the relief Curcio seeks.

in order to effectively respond to any claims made in these motions *in limine*, the Government would need to see them. This Court should thus decline any invitation by Curcio to rely on any *ex parte* argument in deciding whether to admit or preclude trial evidence, without the benefit of a robust, fully-informed adversarial process. *See Alderman v. United States*, 394 U.S. 165, 184 (1969) ("As the need for adversary inquiry is increased by the complexity of the issues presented for adjudication, and by the consequent inadequacy of *ex parte* procedures as a means for their accurate resolution, the displacement of well-informed advocacy necessarily becomes less justifiable."); *United States v. Barnette*, 644 F.3d 192, 209 (4th Cir. 2011) (Courts "should rarely if ever resort to in camera, *ex parte* examination of evidence or conduct such proceedings.").

Curcio unsurprisingly cites no authority countenancing such an approach in this context, involving the Court's admission of trial evidence wherein the Government would be left in the dark as to precisely what Curcio seeks to admit and on what basis. A footnote in *Kwok*, the sole authority relied upon by Curcio in support of his letter-request, is readily distinguishable on the grounds that it involves pre-trial issuance of Rule 17 subpoenas, which are materially different from motions *in limine*. (Dkt. 52 at 1-2 (citing *United States v. Kwok*, No. 23 Cr. 118-1 (AT), 2024 WL 1715235, at *1 n.1 (S.D.N.Y. Apr. 22, 2024) (citing *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995)))). Unlike determinations of whether a Rule 17 subpoena should issue, a motion *in limine* directly impacts the conduct of a criminal trial and requires a fact-intensive analysis in an adversarial proceeding. *See Alderman*, 394 U.S. at 184; *see also United States v. McDonnell*, No. 3:14 Cr. 12 (JRS) (E.D. Va. Apr. 17, 2014) (ECF No. 137 at 2) (in context of adjudicating a pre-trial severance motion, district court rejected analogy of an *ex parte* declaration in support of severance to a motion for Rule 17 subpoenas), *aff'd*, *United States v. McDonnell*, 792 F.3d 478, 494-96 (4th Cir. 2015) (district court properly exercised its discretion in denying request to rely on *ex parte* declarations and denying severance), *vacated and remanded on other grounds*, *McDonnell*, 579 U.S. 500.

*McDonnell*, though not on all fours, is instructive. In that case, defense counsel submitted declarations on an *ex parte* basis in support of a severance motion, claiming, as Curcio does here, that "allowing the [g]overnment to access the [d]eclarations would impermissibly expose [d]efendants' trial strategy." *McDonnell*, No. 3:14 Cr. 12, ECF No. 137 at 1. In denying the request, the district court explained that a severance motion was a "complex determination" and that the "Supreme Court has expressed concern about the accuracy of *ex parte* determinations and has implied that the burden of justifying such proceedings in complex determinations is high." *Id.* at 2 (citing *Alderman*, 394 U.S. at 184). The district court ultimately held that permitting the defendants "to support their Motion to Sever with argument and evidence not available to the [g]overnment would effectively deprive the [c]ourt of an adversarial proceeding in a complex determination," and was not justified on that record. *Id.* at 2. The same is true here.

Accordingly, consistent with this District's uniform, longstanding practice, the Court should deny Curcio's extraordinary request to file portions of his forthcoming motions *in limine* on an *ex parte* basis.

                                                Respectfully submitted,

                                                JAY CLAYTON
                                                United States Attorney

by:    /s/ David R. Felton
          David R. Felton
          Kingdar Prussien
          Cecilia Vogel
          Assistant United States Attorneys
          (212) 637-2299/-2223/-1084

cc:    All counsel of record (by ECF)